The opinion of the Court was delivered by
Tilghman, C. J.
[After stating the facts on the first point.] The reason .offered by thesdefendants’ counsel, against this evidence is, that the law, having entrusted Frederick Evans, a justice of the peace, with authority to take the acknowledgment of deeds, and he having certified, that Mary Kendig did acknowledge this deed before him, his certificate cannot be contradicted. But that question does. not arise, because Mary Kendig did not contradict the certificate. She confesses that she acknowledged the deed, but was sorry that she ever' signed it. This was what the plaintiffs wanted to prove. It was material for them to show, that although Mary Kendig executed the deed, and acknowledged it, yet she was never satisfied with the sale to Selin. I am of opinion therefore, that the evidence was properly received. There was another objection, .not to the answer, but to the interrogatory itself as being a leading one. The interrogatory might have been put in a more unexceptionable manner. Did you or did you not, ever acknowledge the deed l” &c. *171 But I do not think that the form in which it is put, is so improper as to render it necessary to suppress the answer. Some very nice distinctions have been taken, as to what is, or is not a leading interrogatory. But I take the true mark of a leading interrogatoy to be, its being expressed in such a manner as to indicate to the witness’, the answer which it is wished he should make; in that case it is said, to lead him to the answer. 1'he interrogatory now under consideration is not so expressed. I do not perceive in it any disclosure of the plaintiffs’ wish, as to the answer to be given. Indeed, taking the interrogatory altogether, it is fair enough. The witness is called upon, in general terms, to declare how and in what manner she made the acknowledgment. It seems to be taken for granted, that ah acknowledgment was made, but there is not the least intimation of any particular fact or circumstance, which the plaintiffs desire to draw from- the witness. < It cannot therefore be called a leading interrogatory.
The 4th question proposed to Mary Kendig, and her answer, are also objected to. Question, “ Were you, or not, ever consulted about applying to the Orphans* Court, to have an order to sell the land, or did you ever consent to the sale ?” Answer.—“ I was never asked to apply to the Orphans’ Court, for the sale of the land in question, nor did I ever consent to have it sold.” It appears by the record of the Orphans’ Court, that Mary Snyder, (before her marriage with Kendig,) John Miller, and Simon Snyder, presented a petition for the sale of the land of John Snyder, in order to pay his debts, and that after the land had been sold to Selin, John Kendig and Mary his wife, (late widow Snyder,) John Miller and Simon Snyder, made a report of their proceedings to the Court, by whom the sale was confirmed. It is expressly stated on the record, that Kendig and wife, (late Mary Snyder,) John Miller, and Simon Snyder, administrators of John Snyder, deceased, came into Court and prayed, &?c. So that the evidence is in direct contradiction of the record. The Orphans’ Court were acting withm their jurisdiction. They had power to receive, and to grant the petition for a sale of John Snyder’s land, and therefore what is averred on the record cannot be contradicted. The sale may be avoided, if unfairly made, but the assertion in the record, that the parties appeared in Court, must be taken for absolute verity. *172 In 18 Vin. Ab. title Record,' fa, IT. fl. 34, several cases are cited in the note, on this subject. “ One cannot aver that the jury was not sworn, as the record avers, nor that the jurors gave other verdict than is entered on the record. If the Sheriff return, that the party was summoned, the party shall not be received to say, that he was not summoned, for he cannot contradict the return directly, but he may’say, that which stands with the record, as, that he was not summoned according to the law of the .land,” “ he may show matters of fact, out of the recordbut shall not falsify the record.” The purchaser is bound to look to the jurisdiction of the Orphans’ Court; and in some instances, the validity of their proceedings, even within their jurisdiction, has been contested in the Courts of Common Law. But the truth of their records, concerning matters within their Jurisdiction, cannot be disputed. Orders for the sale of the lands of deceased persons, are among the most frequent business of the Orphans’ Court, and if administrators, who have petitioned for a sale, and prayed the Court to confirm it, shall be permitted, after many years, to deny their assent to the sale, it will occasion great inconvenience and confusion. I am therefore of opinion that Mary Kendig’s evidence in contradiction of the record, ought not to have been received.
Exceptions were also taken in the Court below, to the admission of the depositions of Daniel Witmer, and Peter Gonter. These depositions were taken ex parte, under a rule of Court. The plaintiffs gave notice to Simon Snyder, that the depositions would be taken, “at the house of Adam Weaver, Innkeeper in the borough of Lancaster, on Tuesday 1st August, at 10 o’clock in the morning.” The depositions were taken, on the day appointed, before Paul Zantzinger, a justice of the peace for the county of Lancaster; but it does not appear where they were taken, except that they were taken in the county of Lancaster. This is a fatal defect. It is incumbent on the party who offers a deposition in evidence, to prove that it was taken according to notice, unless the adverse party attended, in which case any defect of notice is cured. When this notice was served on Mr. Snyder, he was sick, and he did not attend at the taking of the depositions. The defendant might have proved, by parol evidence, that the depositions were taken according to the terms of the notice, *173 although omitted to be so certified by the magistrate. But no proof of that kind was produced, the depositions were offered by the plaintiffs, with no other evidence than what appeared on their face. Inasmuch then, as it does not appear that those depositions were taken at the house of Adam Weaver, in the borough of Lancaster, I am of opinion that they ought not to'have been admitted in evidence. Upon the whole matter, the judgment is to' be reversed.
J udgment reversed and a venire facias de nono awarded.