Per Curiam.

The question in this case, is, Whether a sale of the real estate of John C. Wells, esq., deceased, made by order of the Orphans’ Court of Philadelphia, was valid ?
It is contended, on the part of the defendant, that the Orphans’ Court had no pov\ er to make the order for sale, because the administrators of John C. Wells did not, previous to the said order, exhibit an account upon oath, of all the intestate’s debts, which had then come to their knowledge, as is required by the act of the 19th of JLpril, 1794, sect. 20. On inspecting the record of the Orphans’ Court, we find, that on the 14th of January, 1813, the administrators of Wells, (William Levis and Mary Weills,) petitioned for an order of sale of the. real estate, which was granted; and, in pursuance thereof, the estate was sold, and the sale confirmed by the court. At that time, no account of the debts of the intestate, verified b.y the oath of the administrators, appeared upon the record. But, on the 19th of March, 1822, the Orphans’ Court made an order, “that the record should be amended, !)? adding to the account exhibited by the administrators of John C. Wells, of all the intestate’s debts, the affirmation of William Levis, one of the administrators, as taken in court by the said Levis, at the time of exhibiting the said account, and before any order of sale, that the same is a just and time account of all the intestate’s debts, which had then come to the knowledge of the said administrator.” It cannot be doubted, that the court had power to order this amendment. The affirmation ought to have been recorded at the time it was made, and the not entering it of record, was no more than a clerical omission. • So long ago as the. year 1650, an *175 amendment was permitted, by causing judgment to be entered on a verdict, which the prothonotarv had omitted, — and this too after an execution had been issued, and exception taken to the proceeding. (Styles’ Rep. 229.) In considering the record before us, therefore, we must now take it, that the affirmation of Levis was Tnade previous to the order of sale. Then all is right, for the record cannot be contradicted. The orders, or decrees of the Orphans’ Court, where it exceeds its jurisdiction, may be controverted. But where it is acting within its jurisdiction, the truth of what is asserted on record, cannot be denied. This was decided in the case of Selin and others v. Snyder, 7 Serg. & Rawle, 172. But, it is objected, that, granting the affirmation, in this case, to have been made by William Levis, according to the amended record, still it is defective, for want of the oath or affirmation of Mary Wells, the administratrix. The very same objection was taken, and overruled by this court, in the Lessee of Snyder v. Snyder, 6 Binn. 497. It is the opinion of the court, therefore, that the proceedings in the Orphans’ Court were according to law, and the sale of the real estate of John C. Wells, was valid. Judgment is to be entered for the plaintiffi
Judgment for the plaintiff.