# M'Cleary *against* Sankey.

A deposition taken in pursuance of a rule of court, cannot be read in evidence unless it appear by the certificate of the justice that it was taken at the time and place mentioned in the notice.

ERROR to the Common Pleas of *Mercer* county.

Ezekiel Sankey against Samuel M'Cleary. On the trial of this cause, the plaintiff offered in evidence the deposition of a witness taken in pursuance of the following notice:—

"Take notice, that the depositions of witnesses to be read in evidence on the part of the plaintiff on the trial of the above stated case, will be taken at the house of Okey Hendrickson, in Mount Joy, in Lancaster county, Pa., on Monday, March 1st 1841, be-

[M'Cleary v. Sankey.]

tween the hours of 10 o'clock A. M. and 5 o'clock P. M. on said day."

" Agreeable to the within rule of court, the following deposition was taken before the subscriber, one of the justices of the peace in and for the county of Lancaster, Pa.," &c. And the deposition concludes thus :—

" The foregoing deposition was taken before me on the 1st day of March, 1841, between the hours of ten and five o'clock on said day—plaintiff appearing for himself.

" Witness my hand at Mount Joy, Lancaster county, the 1st day of March, 1841."

The defendant objected to reading the deposition for the following reasons :—

1. The notice is insufficient, it not giving the name of the examining magistrate, nor stating that the deposition would be taken before competent authority.

2. The certificate of the justice before whom the deposition purports to have been taken, does not set forth that the same was taken at the place mentioned in the notice.

The court overruled the objections, admitted the deposition, and at request of defendant sealed a bill of exceptions.

*Stewart* and *Pearson*, for plaintiff in error, cited 8 *Watts* 409 ; 6 *Watts* 456 ; 7 *Serg. & Rawle* 172 ; 14 *Serg. & Rawle* 373.

*Stevenson* and *Sullivan*, for defendant in error, argued that it was a reasonable inference from the certificate of the justice that the deposition was taken " agreeable to the rule," that it was taken at the place mentioned in the notice, which was attached to the rule, and both were attached to the deposition. There would have been reason in the objection if it had been made to appear that the defendant attended at the place mentioned in the notice, and that no deposition was taken there.

PER CURIAM.—The certificate of the justice sets forth affirmatively an execution of the rule in accordance with the notice, in regard to all things but the house appointed for the appearance of the parties; but according to *Selin* v. *Snyder*, (7 *Serg. & Rawle* 172), and *Vickroy* v. *Skelley*, (14 *Serg. & Rawle* 372), the want of that is fatal. It sufficiently appears the deposition was taken at the place; but where that is a town, and a particular house in it is specified, it should appear to have been taken at the very spot. The evidence ought to have been rejected.

Judgment reversed, and *venire de novo* awarded.